TEXAS & PAC. RY. CO. *v.* INTERSTATE TRANS. CO.

(*Circuit Court, E. D. Louisiana.* January 16, 1891.)

NAVIGABLE WATER—BRIDGE—INJUNCTION.

Where a railroad company is authorized by its charter (Act La. 1876, No. 14, p. 31, § 7, subd. 6) to erect a bridge over any river, provided that it does not unnecessarily impair the usefulness of the river to the public, but is required to construct a draw in any bridge over a navigable stream, an injunction will not be granted to prohibit a water transportation company from taking its tow-boats through the draw at high water with more than two barges in tow, in the absence of more specific legislative authority, unless it first be made to appear in proceedings at law, where the defendant can have a trial by jury, that the bridge with its draw as now constructed does not "unnecessarily impair" the public convenience of the river.

In Equity. Bill for injunction.

*W. W. Howe,* for complainant.

*J. P. Hornor,* for defendant.

BILLINGS, J. This cause has been heard on a demurrer. The complainant, under the permission given by the legislature of Louisiana, (Acts 1876, No. 14, p. 31, § 7, subd. 6,) has erected a bridge over the Atchafalaya river, as part of its railway bed. It is contended by the defendant that the Atchafalaya river is wholly within the state of Louisiana, and that it was competent for the legislature of that state to give this permission, so all question as to the authority of the state legislature is taken out of this case. The act of the legislature is a part of the complainant's bill. The act is a general one, authorizing the complainant to maintain its road over any river, and provided it does not unnecessarily impair the usefulness and convenience of the river to the public, and

provided that "it shall not be required to construct a draw in any bridge over and across any stream or bayou, except streams navigable by enrolled and licensed vessels." As the Atchafalaya river is navigable by enrolled and licensed vessels, it follows that under the last provision the complainant is required to establish and maintain a draw. The bill is an injunction bill, and falls under the head of bills to preserve a privilege from invasion from other parties. The thing averred to be dangerous to the complainant's bridge, and which is sought to be enjoined, is the passing of any tow-boats through the draw at high water with more than two barges in tow. It is clear that such a regulation of commerce cannot be enforced, unless it has been authorized by the charter. The charter makes the right to build the bridge to be conditioned upon its not impairing the usefulness or convenience of the stream to the public unnecessarily. According to the charter, this question of unnecessary interruption of commerce must be negatived before the complainant can ask the court to grant any such injunction. The bridge with its draw as at present constructed is clearly an interruption of commerce. Is it an unreasonable one? The bill avers that the bridge is lawful, and complies with the statute authorizing it, and that the draw is ample. This is the general statement. But the bill proceeds to state that the defendant in a stage of high water desired and attempted to pass, and did, with injury to the bridge, pass, through the draw with six tows or barges; and to prevent a repetition of such attempt the injunction is asked. This shows that the complainant, in order to preserve its bridge with the draw as now constructed, must have an interruption of existing commerce. Whether this is an unnecessary interruption or not will depend upon the ability of the complainant to reasonably make an ampler draw; in other words, the question is whether the answer to the complainant's allegation of grievance is not this: "Enlarge your draw, or obtain more specific grant from the legislature."

The bill is admirably drawn, and presents with completeness the complainant's rights. If the injury came from a trespass outside of the prosecution of commerce itself, the relief could be afforded. But the whole right of the complainant here to provoke any interference with the movements of defendant's boats, if it exists, springs from such a state of facts as would compel the court to act upon the conclusion that, considering the commercial transportation over the railroad as compared with that upon the navigable stream, the interference was not unnecessary. The order or decree sought by the complainant, while it affects only the parties, resembles a general regulation of commerce in this: that it is based upon a balancing of the public convenience of thoroughfares of commerce. I think the claim of the complainant to such interference is one of those doubtful or imperfectly defined rights which, in the absence of more specific legislative designation, must at least be first established at law, where the defendant may have a trial by jury, before the party asserting the right can invoke the aid of injunction through the court of equity.

Let the demurrer be maintained.